FILED

JUL 27 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

Clerk
District Court

AUG 25 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> BERT DOUGLAS MONTGOMERY, <br><br> Defendant - Appellant. | No. 04-10024 <br><br> D.C. No. CR-02-00010-ARM <br><br><br> MEMORANDUM* |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> TOMAS B. ALDAN, <br><br> Defendant - Appellant. | No. 04-10026 <br><br> D.C. No. CR-02-00010-ARM |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief Judge, Presiding

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

Submitted July 22, 2005**
Honolulu, Hawaii

Before: D.W. NELSON, KOZINSKI, and BEA, Circuit Judges.

**(1)** The district court did not abuse its discretion in conducting voir dire on the effect of pre-trial publicity. *See United States v. Dischner*, 974 F.2d 1502, 1522-23 (9th Cir. 1992), *overruled on other grounds by United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997) (en banc). The court's inquiry revealed that a limited number of jurors had been exposed to the publicity, and that few had formed opinions about the guilt of defendants. *Cf. Silverthorne v. United States*, 400 F.2d 627, 635-39 (9th Cir. 1968) (holding that the district court should have engaged in a more detailed inquiry when pre-trial publicity was vast, a third of potential jurors had an opinion about the guilt of the defendant, and all jurors selected had been exposed to pre-trial publicity). The voir dire was adequate to ensure a fundamentally fair trial. *See Mu'Min v. Virginia*, 500 U.S. 415, 424-26 (1991).

**(2)** Juror No. 5 was not disqualified by implied bias because she did not have a relationship to the events in the case that would prevent "the average person" from "remain[ing] impartial in [her] deliberations under the

---

\*\*   This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

circumstances." *Tinsley v. Borg*, 895 F.2d 520, 527 (9th Cir. 1990) (quoting *Person v. Miller*, 854 F.2d 656, 664 (4th Cir. 1988)). Even if Juror No. 5 were disqualified by implied bias, she did not help "decide [defendants'] fate," because she was discharged for cause after one day of a trial that continued for over a month after she was discharged. *Dyer v. Calderon*, 151 F.3d 970, 984 (9th Cir. 1998) (en banc).

**(3)** The district court's admission of the FBI agent's testimony about Montgomery's silence after his arrest was not plain error. *See People of the Territory of Guam v. Veloria*, 136 F.3d 648, 652 (9th Cir. 1998). The limited reference to Montgomery's silence, if improper, was not central to a finding of guilt in this case because the prosecution did not argue guilt from silence, and the case was supported by documentary evidence and witness testimony that defendants' actions did not conform to the bank's normal procedures. *See id.*

**(4)** The district court correctly applied the Sentencing Guidelines to Montgomery's conviction when it did not group the money laundering and wire fraud counts because the funds used in the money laundering were not derived from the underlying wire fraud offense. U.S. Sentencing Guidelines Manual § 2S1.1, cmt. n.6.

**(5)** The district court did not abuse its discretion when it sustained an objection to the admission of opinion testimony from a lay witness. *See United States v. Figueroa-Lopez*, 125 F.3d 1241, 1244-45 (9th Cir. 1997). The opinion sought was as to whether the witness believed defendant had conspired to defraud the Bank of Saipan. The subject matter of the question was not a proper field of lay or expert opinion, even were the lay witness qualified to opine thereon. *See* Fed. R. Evid. 701, 702.

**(6)** Defendant Montgomery raises for the first time on appeal Sixth Amendment challenges to judicial factfinding used to enhance his sentence on the basis of monetary value, leadership role, sophisticated means, and obstruction of justice. A limited remand is required to allow the district court to determine "whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir. 2005) (en banc). Defendant Aldan seeks a limited remand under *Ameline* for non-constitutional sentencing error. *See id.* at 1084. A limited remand is therefore required for both defendants.

**AFFIRMED IN PART; REMANDED IN PART.**

A TRUE COPY
ATTEST  8/18/05
CATHY A CATTERSON
Clerk of Court
by:
Deputy Clerk