F I L E D
District Court

# United States District Court

## District of the Northern Mariana Islands

SEP - 8 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| Plaintiff, ) | **NOTICE OF APPEAL** |
| ) | |
| -v-   ) | D.C. DOCKET NUMBER: 02-00010 |
| ) | |
| Bert Douglas Montgomery____, ) | ____Alex R. Munson____ |
| _____Defendant, ) | (District Court Judge) |

Notice is hereby given that___defendant Montgomery_____appeals to the
United States Court of Appeals for the Ninth Circuit from the:

☐  Conviction only (Fed. R. Crim P. 32(b)

    ☐  Conviction and sentence

    ☒  Sentence only (18 U.S.C. Sec. 3742)

    ☒  Order (specify) _order on Limited Remand(attached herto)_
    _____entered on this action on_Aug. 29, 2005_____.
                                                       (date)

Sentence imposed:__20 years(see attached)_____

_____

_____

Bail status:_No bail_____

_____

_G. Anthony Long_
(Counsel for Appellant)

Date:__09/08/2005_____    Address:__P.O.Box 504970_____

                                                      ~~2nd Floor Lim's Blvd.~~____

                                                      ~~San Jose, Saipan MP 96950~~

Phone number:_235-4802_____    Fax number:_235-4801_____

Name of Court Reporter:_____

Transcript required:    Yes ☐    No ☒
                     If "Yes", date ordered or to be ordered_____(including
                     arrangements for payment with court reporter)

[If transcript required, complete Transcript Order Form CA9-036, contact court reporter immediately
to make arrangements for transcription].
[CA9-88-1NOA]

FILED
Clerk
District Court

AUG 2 9 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

FAX IN
69/06/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 02-00010 |
| Plaintiff | ) | |
| v. | ) | ORDER AFTER |
| | ) | LIMITED REMAND |
| BERT DOUGLAS MONTGOMERY, | ) | DENYING RESENTENCING |
| Defendant | ) | |

THIS MATTER is before the court on limited remand from the U.S. Court of Appeals for the Ninth Circuit, for the court to determine "whether the sentence imposed would have been materially different had the [ ] court known that the sentencing guidelines were advisory." United States v. Ameline, 409 F.3d 1073, 1074 (9th Cir. 2005) (en banc). The mandate issued August 18, 2005.

THE COURT has reviewed the court file, the presentence report, and the sentence imposed upon defendant, and also has an independent recollection of the

323

salient facts of this jury trial. The court would not have imposed a materially different sentence had it known the sentencing guidelines were advisory, and it declines to resentence defendant Montgomery for the following reasons.

This defendant's primary role in the intentional fraud perpetrated on the Bank of Saipan resulted in direct injury to thousands of bank depositors, including the Commonwealth government, all of whom lost access to their savings. The indirect injury caused to the families of individual account holders and to the creditors of business account holders was significant and still reverberates in the community as the Bank has continued in receivership since May of 2002. The cold, calculating nature of the crime and the financial losses and inconvenience caused to so many victims warranted the sentence imposed.

Should defendant wish to appeal this order, he "may file a notice of appeal as provided in Fed.R.App. 4(b)." United States v. Ameline, 409 F.3d at 1085.

DATED this 29th day of August, 2005.

ALEX R. MUNSON
Judge

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

# United States District Court

## District of the Northern Mariana Islands

UNITED STATES OF AMERICA

V.

BERT DOUGLAS MONTGOMERY

## JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

CASE NUMBER:  CR-02-00010-001

Bruce Berline, Esq.
Defendant's Attorney

F I L E D
Clerk
District Court

DEC 3 1 2003

For The Northern Mariana Islands
By _____
(Deputy Clerk)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)  I, II , IV, V, VI, VII, VIII, and IX
after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 371 | Conspiracy to Commit Wire Fraud | 02/28/2002 | I |
| 18 U.S.C. 1343 | Conspiracy to Commit Wire Fraud | 02/28/2002 | I |
| 18 U.S.C. 1346 | Conspiracy to Commit Wire Fraud | 02/28/2002 | I |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)  III

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of na residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstanc

Defendant's Soc. Sec. No.: ███████

Defendant's Date of Birth: ███████

Defendant's USM No.:  00388-005

Defendant's Residence Address:
Department of Corrections
Saipan, MP  96950

Defendant's Mailing Address:
PMB 1193  BOX 10003
Saipan, MP  96950

12/30/2003
Date of Imposition of Judgment

_Alex R Munson_
Signature of Judicial Officer

Honorable, Alex R. Munson, Chief Judge
Name and Title of Judicial Officer

12~31~2003
Date

**2**

AO 245B (Rev. 3/01) Judgment in a Criminal
Sheet 1A

Judgment—Page __1.01__ of ____5

DEFENDANT: BERT DOUGLAS MONTGOMERY
CASE NUMBER: CR-02-00010-001

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s |
|---|---|---|---|
| 18 U.S.C. 1343 | Wire Fraud | 02/28/2002 | II, IV |
| 18 U.S.C. 1343, 1346 | Wire Fraud: Deprivation of Honest Services | 02/28/2002 | V |
| 18 U.S.C. 1956(h) | Money Laundering Conspiracy | 02/28/2002 | VI |
| 18 U.S.C. 1956(a)(1)(A)(I) | Money Laundering | 02/28/2002 | VII, VIII, I |

3

AO 245B (Rev. 3/01) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __5__

DEFENDANT:       BERT DOUGLAS MONTGOMERY
CASE NUMBER:   CR-02-00010-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____ 240 months; _____ .

60 months for each count of Counts I, II, IV and V and 240 months for Counts VI through IX. All sentences are to be served concurrently.

☑  The court makes the following recommendations to the Bureau of Prisons:

> The defendant shall participate in an Inmate Financial Responsibility Program and in any vocational programs as approved by the Bureau of Prisons. Defendant shall be placed in a Federal Prison Camp; preferrably La Tuna or El Paso (located in Texas).

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m.  ☐ p.m.   on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**4**

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page ____3____ of _____

DEFENDANT:    BERT DOUGLAS MONTGOMERY
CASE NUMBER:   CR-02-00010-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____Three Years_____

for Counts I, II, IV, and V and three years for Counts VI through IX. The term of supervised release shall be served concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 d of release from imprisonment and at least two periodic drug tests thereafter.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☑  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payr set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five da each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any cont substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicte felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement o

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency witho permission of the court;

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's cri record or personal history or characteristics and shall permit the probation officer to make such notifications and to confir defendant's compliance with such notification requirement.

**5**

AO 245B   (Rev. 3/01) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page ___3.01___ of ___5___

DEFENDANT:      BERT DOUGLAS MONTGOMERY
CASE NUMBER:    CR-02-00010-001

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall obey all federal, state and local laws;

2. That the defendant shall not possess a firearm or other dangerous weapon;

3. That the defendant shall comply with the standard conditions of supervised release as set forth by the U.S. Probation Office;

4. That the defendant shall refrain from any unlawful use of a controlled substance and submit to one urinalysis within 15 days of sentencing, and two additional urinalysis thereafter;

5. That the defendant shall refrain from the use of any and all alcoholic beverages;

6. That the defendant shall maintain gainful employment;

7. That the defendant shall not incur any new lines of credit or debts without prior notice and approval of the U.S. Probation Office;

8. That the defendant shall submit financial statements to the U.S. Probation Office upon request;

9. That the defendant pay the outstanding balance of $216.38 for his electronic monitoring to Securicor EMS Inc. P.O. Box 80927, Rancho Santa Margarita, California 92688; and

10. That the defendant perform 400 hours of community service.

AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __5__

DEFENDANT:    BERT DOUGLAS MONTGOMERY
CASE NUMBER:    CR-02-00010-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $          800.00 | $ | $          5,483,62 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be en after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified other the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Bank of Saipan P.O.Box 500690 Saipan, MP 96950 | $5,273,643.70 | $5,273,643.70 | 100% |
| Michelle Mai Hom PMB 662 Box 1003 Saipan, MP 96950 | $209,980.00 | $209,980.00 | 100% |
| **TOTALS** | $     5,483,623.70 | $     5,483,623.70 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement    $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine and/or    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine and/or    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for of committed on or after September 13, 1994 but before April 23, 1996.

7

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 6 — Criminal Monetary Penalties

Judgment — Page __5__ of ____

DEFENDANT:      BERT DOUGLAS MONTGOMERY
CASE NUMBER:    CR-02-00010-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [✓]  Lump sum payment of $  5,484,423.70  due immediately, balance due

    [ ] not later than _____ , or
    [ ] in accordance with  [ ] C,  [ ] D, or  [ ] E below; or

B  [ ]  Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or  [ ] E below); or

C  [ ]  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✓]  Joint and Several

[✓]  Defendant Name, Case Number, and Joint and Several Amount:
    Tomas B. Aldan, CR-02-00010-003,  $5,483,623.70
    Michael T. Wilson CR-03-00015,       $5,483,623.70

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

8