```
                                              F I L E D
                                                 Clerk
                                              District Court

                                              OCT 2 0 2006

                                           For The Northern Mariana Islands
                                           By_____
                                                    (Deputy Clerk)
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                             )<br>          Plaintiff          )<br>                             )<br>     v.                      )<br>                             )<br> BERT DOUGLAS MONTGOMERY,)<br>                             )<br>          Defendant          )<br>_____) | Criminal No. 02-00010<br><br>ORDER GRANTING<br>REQUEST FOR THIRTY<br>DAYS TO FILE WRITTEN<br>SUBMISSIONS and TAKING<br>UNDER ADVISEMENT<br>REQUEST FOR RE-SENTENCING |

THE COURT has received counsels' amended stipulation for an order setting re-sentencing for defendant Montgomery or, in the alternative, for a thirty day extension in which to file their written submissions.

The motion for a thirty day extension to file written submissions is granted and counsel are given until 3:30 p.m., Monday, November 20, 2006, to file such submissions. The motion to set this matter for re-sentencing is taken under advisement until the court has had the opportunity to review and consider the written

AO 72
(Rev. 08/82)

submissions.

The court believes this approach is consistent with the remand order. It allows counsel the opportunity to set out in detail (as the instant motion does not) "any factors---not only within the advisory sentencing guidelines, but also those encompassed by the goals and purposes of sentencing as reflected in 18 U.S.C. § 3553(a)---that counsel believes warrants re-sentencing of this defendant." As of yet, the court has not been given counsel's arguments so as to allow it "to consider whether non-Guidelines factors might have justified a sentence different from the one imposed if, at the time of sentencing, the court's discretion had not been constrained by the mandatory Guidelines."

Once the court has received written submissions setting out the respective positions of counsel, it can then make an informed decision whether or not re-sentencing is appropriate.

IT IS SO ORDERED.

DATED this 20th day of October, 2006.

*Alex R. Munson*
ALEX R. MUNSON
Judge