# United States District Court
## District of the Northern Mariana Islands

FILED
Clerk
District Court

JAN 19 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | **NOTICE OF APPEAL** |
| ) | |
| -v- ) | D.C. DOCKET NUMBER: 02-00010 |
| ) | |
| BERT DOUGLAS MONTGOMERY , ) | JUDGE ALEX R. MUNSON |
| Defendant, ) | (District Court Judge) |

Notice is hereby given that __BERT DOUGLAS MONTGOMERY__ appeals to the United States Court of Appeals for the Ninth Circuit from the:

- ☐ Conviction only (Fed. R. Crim P. 32(b))
    - ☐ Conviction and sentence
    - ☒ Sentence only (18 U.S.C. Sec. 3742)
    - ☐ Order (specify)_____

_____ entered on this action on __JANUARY 05, 2007__.
(date)

Sentence imposed: __20 YEARS__

Bail status: __DEFENDANT CURRENTLY SERVING SENTENCE__

_____
(Counsel for Appellant)

Date: __JANUARY 19, 2007__    Address: __G. ANTHONY LONG__
                                        __P.O. BOX 504970__
                                        __SAIPAN, MP 96950__

Phone number: __(670) 235-4802__    Fax number: __(670) 235-4801__

Name of Court Reporter: _____

Transcript required:    Yes ☐    No ☒
    If "Yes", date ordered or to be ordered_____ (including arrangements for payment with court reporter)

[If transcript required, complete Transcript Order Form CA9-036, contact court reporter immediately to make arrangements for transcription].
[CA9-88-1NOA]

F I L E D
Clerk
District Court

JAN - 5 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 02-00010 |
| ) | |
| Plaintiff ) | |
| ) | ORDER DENYING |
| v. ) | MOTION OF DEFENDANT |
| ) | MONTGOMERY TO BE |
| BERT DOUGLAS MONTGOMERY,) | RE-SENTENCED |
| ) | |
| Defendant ) | |
| _____) | |

THIS MATTER was remanded by the U.S. Court of Appeals for the Ninth Circuit on August 29, 2006, with directions that this court "obtain the views of counsel before it decides whether <u>Ameline</u> re-sentencing is warranted." <u>United States v. Montgomery</u>, No. 05-10587 (9th Cir. Aug. 29, 2006). Final judgment was entered September 20, 2006, and received by this court on September 28, 2006.

On June 18, 2003, defendant Montgomery was convicted by a jury of one count of conspiracy to commit wire fraud, three counts of wire fraud, one count of wire fraud (deprivation of honest services), three counts of money laundering, and one count of conspiracy to launder money.

On December 31, 2003, defendant Montgomery was sentenced to 240 months in prison and ordered to pay restitution, jointly and severally with his co-defendants, to the Bank of Saipan in the amount of $5,273,643.70 and to an individual defraudee in the amount of $209,980.00.

By memorandum opinion dated July 27, 2005, defendant Montgomery's conviction was affirmed, with a limited remand to this court "to allow the district court to determine 'whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory'. United States v. Ameline 409 F.3d 1073, 1074 (9th Cir. 2005) (*en banc*)."

On August 29, 2005, this court issued an "Order After Limited Remand Denying Resentencing."

In an Opinion filed August 29, 2006, the matter was again remanded by the Ninth Circuit, with the directions quoted in the first paragraph of this order.

On September 29, 2006, the court issued an order "that counsel for plaintiff and defendant shall submit written comments addressing any factors---not only within the advisory sentencing guidelines, but also those encompassed by the goals

and purposes of sentencing as reflected in 18 U.S.C. § 3553(a)---that counsel believes warrants re-sentencing of this defendant." (Docket No. 333). The court gave the parties until October 20, 2006, to file their submissions.

On October 18, 2006, the parties stipulated to continue this matter for three months, "until after January, 2007." In an order dated October 19, 2006, the court denied the joint motion to continue for that length of time. (Docket No. 336) However, by order dated October 20, 2006, the court granted both counsel a thirty-day extension of time in which to file memoranda addressed to the issue of re-sentencing. In that order, the court stated that the "motion to set this matter for re-sentencing is taken under advisement until the court has had the opportunity to review and consider the submissions." (Docket No. 338)

Defendant filed his memorandum and attachments on November 19, 2006. (Docket Nos. 339-340) Plaintiff's submission was filed November 20, 2006. (Docket No. 341)

The court has read all filings in their entirety and its sentence would not have been different, let alone materially different, had it known at the time of the original sentencing that the sentencing guidelines were advisory. Likewise, the court concludes that its original sentence took into account, as the court believes every sentence must, those factors set out in 18 U.S.C. § 3553(a).

As the court noted in its order of August 29, 2005, and re-adopts here:

> This defendant's primary role in the intentional fraud perpetrated on the Bank of Saipan resulted in direct injury to thousands of bank depositors, including the Commonwealth government, all of whom lost access to their savings. The indirect injury caused to the families of individual account holders and to the creditors of business account holders was significant and still reverberates in the community as the Bank has continued in receivership since May of 2002. The cold, calculating nature of the crime and the financial losses and inconvenience caused to so many victims warranted the sentence imposed.

The court's position remains unchanged as to the justification for its original sentence, which was stated on the record on December 31, 2003.[1] Defendant's claim that no depositor suffered any loss during the time the bank was under receivership is unsupported by any documentation. More important to the court, though, is that the *need* for the receivership was due to the actions of this defendant. The court cannot specifically quantify the harm to the Bank of Saipan's depositors by their inability to access their accounts, or the effect on the Bank's stability and soundness by its having

---

[1] To the extent that plaintiff is concerned that the court was not precise enough in its findings during sentencing, the court reiterates what it believed it had sufficiently articulated before by its adoption of the pre-sentence report: First, that defendant Montgomery hindered the investigation and prosecution by lying to Federal Bureau of Investigation Agent Hewitt on March 2, 2002, about his personal background, his wealth, his role in the Swevern Systems loan, and his involvement in the loan transactions. Other witnesses confirmed defendant Montgomery's false statements. Second, as set out in the pre-sentence report provided to the court and counsel, defendant Montgomery perjured himself repeatedly during the trial. By adopting the pre-sentence report, the court's intention and belief was that it had found by a preponderance of the evidence that defendant Montgomery had testified falsely under oath about material matters and that his testimony was willful, intentional, and intended to deceive the finders of fact. There was no indication that defendant Montgomery was simply mistaken, that he was confused by events, or that he suffered from a faulty memory.

to expend its limited resources on sizeable attorney's fees, or the lingering reticence of potential customers to make use of the Bank's services. It should be apparent that great harm was done to the Bank and this community by defendant and his confederates.

As to the factors set out in 18 U.S.C. § 3553(a), the court continues to believe that defendant Montgomery's sentence was sufficient, but not greater than necessary, to meet those factors. The "nature and circumstances of the offense and the history and characteristics of the defendant" were taken into account by the pre-sentencing report. The court was fully aware of defendant's age, health, and personal characteristics. As to defendant's age, the court concluded that society would not be served by applying a sentencing "discount" for this middle-aged criminal. Medical care will be available to defendant throughout his incarceration.

The sentence imposed reflected the seriousness of the offense in this small community; to have imposed a materially different sentence would not have met the goal of promoting respect for the law and defendant's sentence provided just punishment for the harm inflicted by him.

Defendant's sentence will deter this criminal from committing other acts of fraud and send a strong message to other potential confidence men that the citizens and residents of the Commonwealth will be protected from predators of their kind.

As ordered at sentencing, defendant Montgomery will be required to make use

of at least some of the educational opportunities available during incarceration. As mentioned above, he will receive any medical treatment he requires.

FOR THE FOREGOING REASONS, the court declines to re-sentence defendant Bert Douglas Montgomery. His sentence would not have been materially different had this court known that the sentencing guidelines were advisory at the time of his sentencing.

IT IS SO ORDERED.

DATED this 5th day of January, 2007.

*/s/ Alex R. Munson*
ALEX R. MUNSON
Judge